Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
and those similarly situated

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE SHANAHAN, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>JET.AI, Inc., a Delaware Corporation,<br><br>  Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1. Plaintiff TERRENCE SHANAHAN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant JET.AI Inc., a Delaware Corporation, ("Defendant") to stop its illegal practice of sending unsolicited telemarketing text messages to the cellular telephones of people who have signed up for the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2. Defendant offers private jet booking via an "app" available for download on the Apple and Android store. As a part of their marketing, Defendant sent thousands of text message solicitations to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

3. Although required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Defendant did not obtain express written consent prior to sending these unsolicited telemarketing messages.

4. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

5. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

7. By sending telemarketing solicitations to people who have registered their phone numbers on the national database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

8. Therefore, Plaintiff seeks an injunction requiring Defendant to stop sending illegal text messages, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff TERRENCE SHANAHAN is a natural person and is a citizen residing in Omaha, Nebraska.

10. Defendant JET.AI Inc. is a corporation organized and existing under the law of the state of Delaware.

11. Defendant's headquarters is located at 10845 Griffith Peak Dr. 2nd Floor, Las Vegas, Nevada 89135.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has specific personal jurisdiction over Defendant because Defendant caused the violating texts to be sent to Plaintiff in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendant markets and sells private jet flights through its private jet booking app.

16. Defendant purchased a list of cell phone numbers pursuant to their desired criteria and sent text messages to those people *en masse*.

17. Defendant failed to check and/or exclude people from their campaign that had registered their phone numbers on the federal Do Not Call registry.

18. If Defendant had properly checked the DNC registry, it would have seen that Plaintiff's cell phone number had been registered for nearly 20 (twenty) years since 2004.

19. Additionally, Defendant failed to obtain consent from Plaintiff and the Class.

## FACTS SPECIFIC TO PLAINTIFF

20. Plaintiff received two unsolicited texts from Defendant from the number +1 (844) 909-0728 on his cellular phone number ending in 1146.

21. The text messages were sent for the purpose of marketing Defendant's private jet booking services and encourage recipients to download Defendant's app.

22. The first message contained a picture of a private jet.

23. The second message said:

> Holiday Travel Reminder: it's never to (sik) soon to start getting quotes for any charter you might require between now and into the new year.
>
> Any trips come to mind? Just send over your routing/dates, and I'll be happy to assist.
>
> -Stefanie
>
> Jet AI Inc. (NASDAQ: JTAI)
>
> Our new charter app CharterGPT is now available for Apple &amp;amp; (sik) Android: https://qr1.be/CVZB

24. When clicking on that link, it took Plaintiff to a screen permitting him to download Defendant's app from the Apple or Android stores.

25. Plaintiff sent a text message stating "Hi what is your company?"

26. In response to that message, Plaintiff received another text message from Defendant stating "Hi we are Jet Ai, formerly Jet Token".

27. Plaintiff's cell phone number ending in 1146 is a personal phone used for residential purposes. Plaintiff is a business owner and maintains a separate phone line for his business so that his customers do not contact his personal cell phone.

28. Plaintiff's phone number ending in 1146 had been registered on the Federal Do Not Call Registry since December 17, 2004.

4

29. On November 15, 2023, on Plaintiff's behalf, Plaintiff's attorney mailed a request for Defendant's telemarketing policy.

30. Plaintiff never consented to receive text messages from Defendant. Plaintiff had never heard of Defendant and had no relationship whatsoever with Defendant prior to this interaction.

31. Defendant's conduct violated Plaintiff's statutory rights and caused actual and statutory damages.

32. In addition to causing statutory damages, the illegal texts caused actual damages, including annoyance, intrusion on privacy and seclusion, and wasted cell phone battery life and time to Plaintiff.

## CLASS ALLEGATIONS

33. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant texted more than once in a 12-month period (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

34. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

36. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct of sending unsolicited text messages.

37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

38. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the texts were caused by Defendant;

    b. Whether the texts promoted Defendant's products or services;

    c. Whether Defendant obtained written express consent prior to the solicitations;

    d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

40. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

    //

    //

    //

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(c)
### Do Not Call Provision
### (On behalf of Plaintiff and the DNC Class)

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

43. Defendant sent unsolicited text messages to the phones of Plaintiff and the Class without having their consent to do so.

44. Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by sending unsolicited telemarketing text messages to residential numbers listed on the Federal Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

45. Defendant's text messages were sent for the commercial purpose of selling their private jet services and getting consumers to download their booking app on iPhone and Android.

46. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

47. Plaintiff also seeks a permanent injunction prohibiting Defendant from sending telemarketing text messages to telephone numbers listed on the Federal Do Not Call Registry.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TERRENCE SHANAHAN, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

8

C. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D. An injunction requiring Defendant to cease all unlawful text messages without first obtaining consumers' express consent to receive such texts, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 21, 2023                    Respectfully submitted,


By: /s/ Mark L. Javitch

Mark L. Javitch (CA 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*